IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEANNA K. SIPP, | ) | 4:08CV84 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion to Reverse and Remand ("Motion") (Filing No. 22), made pursuant to sentence four of 42 U.S.C. § 405(g) prior to answering Plaintiff's Complaint. The Court has also considered the Plaintiff's Response (Filing No. 23), in which the Plaintiff opposes Defendant's Motion, or in the alternative, requests that the Court remand the case pursuant to sentence six of 42 U.S.C. § 405(g). Upon review of the record and applicable law, the Court grants the Defendant's Motion to Reverse and Remand in part.

The Court reverses and remands the Commissioner's final decision pursuant to "sentence six" of 42 U.S.C. § 405(g), which provides: "The court may, on motion of the Commissioner of the Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." When the district court remands pursuant to sentence six, the "'court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." *Pottsmith v. Barnhart,* 306 F.3d 526, 528 (8th Cir. 2002)(quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)). Instead, [s]entence six permits the district court to remand without making any substantive ruling as to the

correctness of the Commissioner's decision, but only (i) where the Commissioner so moves before answering the complaint, or (ii) where additional, material evidence is required that was for good cause not presented before the administrative agency." *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999).

In light of the Commissioner's Motion requesting a remand, the Court finds good cause exists to remand the Commissioner's decision pursuant to sentence six "for further action by the Commissioner of Social Security." In requesting this remand, the Commissioner averred that the ALJ failed to take pertinent evidence from the record into consideration when making her final decision. Specifically, the Commissioner reports that "[a]lthough the February 2002 Disability Update Report was included in the record submitted to the ALJ, it does not appear that the ALJ considered this material evidence in h[er] evaluation." (Filing No. 22 at 2, n. 1). The evidence in the record substantiates the Commisoner's claim, as Plaintiff concurs that the ALJ erred because the ALJ concluded that "Mrs. Sipp had not reported her post-application earnings until 2003" (Filing No. 16 at 18; Filing No. 9, Tr. at 17), when she had in fact submitted them in her February 2002 Disability Update Report (Filing No. 9, Tr. at 180-182).

In a typical sentence-six remand, "the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). In the instant case, although the evidence was available to the claimant, the ALJ simply failed to consider the evidence in making her final determination. While these are not the usual factual circumstances that warrant a reversal and remand pursuant to sentence six of Section 405(g), the Commissioner's

Motion to Reverse and Remand suggests a substantial likelihood that the neglected "evidence might have changed the outcome of the prior proceeding." The Court, therefore, finds good cause to remand the cause for a rehearing and consideration of the relevant evidence that both Plaintiff and Defendant acknowledge that the ALJ failed to consider.

The Court, however, retains jurisdiction over this action "pending further development and consideration by the ALJ." *Raitport,* 183 F.3d at 104; *Travis v. Astrue*, 477 F.3d 1037, 1039 (8th Cir. 2007)(holding that remand pursuant to sentence six does not "terminat[e] the court's jurisdiction."). Moreover, under "sentence six," the parties must return to the district Court at the conclusion of the administrative proceedings to obtain a final judgment. *Melkonyan*, 501 U.S. at 98 ("'[F]ollowing a sentence six remand, the Secretary must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which h[er] action in modifying or affirming was based.'")(quoting 42 USC 405(g)).

The Appeals Council is hereby ordered to direct the Administrative Law Judge to fully consider the February 2002 Disability Update Report and any other relevant evidence included in the record the ALJ neglected to consider in her previous evaluation. Additionally, the Court notes that when this matter returns to this Court for judicial review of the ALJ's final decision, Plaintiff will not be precluded from raising any of the issues she initially raised in her Brief (*see* Filing No. 16) – even if the ALJ should fail to address them on remand.[1]

---

[1] In Plaintiff's Response, Plaintiff voices her additional concern that should the Court grant Defendant's Motion, the government may attempt to collect her alleged overpayment debt pursuant to 31 U.S.C. § 3711(g)(1). This concern, however, is unwarranted. Because Mrs. Sipp's alleged overpayment from the Social Security Administration is still a matter

ACCORDINGLY,

    IT IS ORDERED:

1. The Defendant's Motion to Remand and Reverse (Filing No. 23) is granted in part;

2. This action is remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative proceedings as described above;

3. The Court does not affirm, reverse, or modify the Commissioner's decision and retains jurisdiction of this action during the administrative proceedings;

4. The administrative proceedings on remand shall be completed by no later than one hundred and twenty (120) days from the date of this Memorandum and Order; and

5. The Commissioner shall file monthly status reports with the Clerk of Court at the expiration of thirty (30), sixty (60) and ninety (90) days from the date of this Memorandum and Order.

Dated this 3rd day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

that "is in litigation," it is not currently recoverable by the government pursuant to 31 U.S.C. § 3711(g)(2)(a)(i).