IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DEANNA K. SIPP,** | ) | **CASE NO. 4:08CV84** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| **MICHAEL J. ASTRUE, as** | ) | **AND ORDER** |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Plaintiff's motion to amend or alter the Judgment ("motion to amend") (Filing No. 50). Plaintiff filed a supporting brief (Filing No. 51), and the Defendant responded (Filing No. 52).

The Plaintiff, Deanna K. Sipp, filed this action for judicial review of a final decision by the Commissioner finding that she was not entitled to a waiver of recovery of the $63,406.90 in overpaid benefits she received in July 1998, August 1998, and July 1999 through March 2004, in connection with her prior award of disability insurance benefits under Title II of the Social Security Act ("the Act"). Section 205(g) of the Act provides for judicial review of the Commissioner's final decision. The case returned to this Court following a remand, at the Commissioner's request, for a new decision by the Administrative Law Judge ("ALJ"). Although the Commissioner requested a sentence four remand, this Court remanded the case under sentence six and, therefore, this Court retained jurisdiction. When the Court again addressed this case on the merits, the Court affirmed the ALJ's opinion finding that Sipp was not entitled to a waiver of her overpayment.

In the Court's order remanding this case under sentence six, the Court stated: "'when this matter returns to the Court for judicial review of the ALJ's final decision, Plaintiff will not be precluded from raising any of the issues she initially raised in her Brief (*see* Filing No. 16) – even if the ALJ should fail to address them on remand." (Filing No. 24, at 3.) In remanding the case to the ALJ, the Appeals Council limited the issue to whether Sipp was without fault with respect to her overpayment. When the case returned to this Court, after further reflection on the law and the facts of this case, the Court declined to address "issues that are beyond the scope of a sentence six remand and have not been exhausted during the administrative process." (Filing No. 48, at 12 n.7.)

In Sipp's motion to amend brought under Federal Rule of Civil Procedure 59(e), she argues that this Court erred in not considering issues relating to the existence and amount of an overpayment to Sipp when the case was before the Court on the merits.

Rule 59(e)'s limited purpose is "to correct manifest errors of law or fact or to present newly discovered evidence." *Johnson v. Chater,* 108 F.3d 942, 946 n.3 (8th Cir. 1997). In a social security appeal, this Court's standard of review is limited to determining whether substantial evidence exists in the record as a whole to support the Secretary's findings. *Reynolds v. Astrue,* 2010 WL 3242056, at *1 (8th Cir. Aug. 18, 2010). "Substantial evidence 'is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion.'" *Cheatum v. Astrue,* 2010 WL 2982819, at *1 (8th Cir. July 30, 2010). One's failure to present an argument and supporting evidence during administrative proceedings "ordinarily" prevents the argument before the Court on appeal. *Johnson,* 108 F.3d at 946.

This Court previously applied the applicable standard of review and determined that the record included substantial evidence to support the Secretary's decision. The issues of the existence and amount of overpayment were first raised in these proceedings before this Court in Sipp's appellate brief filed on August 15, 2008. Sipp failed to raise the issue during her initial administrative proceedings, and the fact that Sipp changed attorneys before filing her appeal in this Court does not excuse her from raising issues earlier in those proceedings. This matter does not require reconsideration under Rule 59(e)'s limited purpose, as Sipp has not argued that she possesses newly discovered evidence, or shown that the Court has made a manifest error of law or fact.

IT IS ORDERED that the Plaintiff's motion to amend or alter the Judgment (Filing No. 50) is denied.

DATED this 24th day of August, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge